UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ESTEBAN GRANDOS-DOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI Mendota,<br><br>Respondent. | Case No. 1:22-cv-01495-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 6) |

Petitioner, Ramiro Esteban Grandos-Dominguez ("Petitioner"), a federal prisoner proceeding pro se, has pending an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 6, "Amended Petition").[1] This matter is before the Court for preliminary review. See R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[2] a district court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The Court, having screened the Amended Petition, finds no response is required from Respondent. Instead, the undersigned RECOMMENDS the Amended Petition be dismissed sua sponte for lack of jurisdiction.

## I. BACKGROUND

Petitioner, a federal prisoner, was sentenced to 57 months of imprisonment by the U.S. District Court for the Western District of Texas ("WDTX") for his plea-based conviction for illegal reentry in violation of 8 U.S.C. § 1326(a).[3] *See* Case No. 4:21-cr-00680-DC-DF-1, Crim. Doc. Nos. 26-27.[4] Petitioner appealed to the Fifth Circuit Court of Appeals on December 14, 2021, and the judgment of the WDTX was affirmed. Crim. Doc. No. 33. On December 20, 2022, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the WDTX court of conviction, and that motion remains pending. *See* Crim. Doc. No. 39-41.

On November 18, 2022, Petitioner filed a petition for writ of habeas corpus under § 2241 with this Court. (Doc. No.1). Upon screening, the undersigned found the initial petition deficient and granted Petitioner leave to file an amended petition to cure the deficiencies in his initial petition. (Doc. No. 5). In compliance, Petitioner filed an Amended Petition on January 3, 2023. (Doc. No. 6). The Amended Petition raises a single ground for relief: Petitioner is actually innocent of his conviction under § 1326 because "§ 1326 violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977)." (Doc. No. 6 at 3).

////

---

[3] The Court notes that Petitioner's name is spelled "Ramiro Esteban Granados-Dominguez" in his WDTX criminal case. *See generally* Case No. 4:21-cr-00680-DC-DF-1. However, despite the single letter difference in the spelling of Petitioner's name in the instant case, all other identifying information, including the conviction and sentence identified in his Amended Petition, are identical. (*See* Doc. No. 6).

[4] The undersigned cites to the record in Petitioner's underlying EDVA criminal case as "Crim. Doc. No. _."

## II.  APPLICABLE LAW AND ANALYSIS

Although brought under the guise of § 2241, Petitioner challenges the legality of his original conviction, which is properly brought via a direct appeal or via a § 2255 petition in the WDTX court of conviction.  A § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e).  *Id*. at 1192.  This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) not had an "unobstructed procedural shot at presenting that claim."  *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

The Ninth Circuit has adopted the *Bousely* standard for claims of actual innocence brought under § 2255 escape hatch provision that requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614 (1998)).  Actual innocence means factual innocence, not mere legal insufficiency.  *See Bousley*, 523 at 623.  Here, Petitioner makes no claim of being factually innocent of illegal reentry in violation of 8 U.S.C. § 1326(a).  (*See generally* Doc. No. 6).  Instead, he takes issue with § 1326 itself, and argues it is being applied discriminatorily in violation of his equal protection rights pursuant to the Supreme Court's decision in *Village of Arlington Heights v.*

*Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977).  (Doc. No. 6).  Thus, Petitioner fails to make a claim of actual innocence as required to qualify for the escape hatch provision of § 2255.

Further, whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, requires the court to consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)).  In the instant case, Petitioner's first § 2255 motion to vacate is still pending in the WDTX.  Thus, Petitioner cannot make the necessary showing that he has not had an unobstructed procedural shot at raising his habeas claims.  *See Swan v. United States of America*, 2021 WL 2987149 at *3 (C.D. Cal. Jul. 15, 2021) ("Petitioner cannot show that he lacked an unobstructed procedural shot at presenting his claims because all of the claims in the Petition were or could have been raised in the 2255 motion, which is still pending.")

Finally, "[e]ven if Petitioner satisfied the savings clause and the Court could entertain his petition, the claims are meritless.  Courts in this circuit have repeatedly rejected the argument that § 1326 is presumptively unconstitutional because it was enacted with a discriminatory purpose and has a disparate impact."  *Vera Martinez v. Warden, FCI-Mendota*, 2022 WL 17821361 at *3 (E.D. Cal. Dec. 20, 2022) (collecting cases).

Based on the foregoing and controlling precedent, Petitioner fails to satisfy the escape hatch criteria of § 2255.  Therefore, this Court lacks jurisdiction over the § 2241 Amended Petition.  Because Petitioner's § 2255 motion to vacate remains pending in his court of conviction, it would be futile to transfer the petition to the WDTX for consideration as a § 2255 motion as it would be subject to dismissal.  The undersigned recommends that the Amended Petition be dismissed for lack of jurisdiction.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a district judge for the purposes of

reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. The Amended Petition (Doc. No. 6) be DISMISSED for lack of jurisdiction.
2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     January 9, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE