UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ESTEBAN GRANDOS-DOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No. 1:22-cv-01495-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 6, 8) |

Petitioner Ramiro Esteban Grandos-Dominguez ("Petitioner") is a federal prisoner proceeding *pro se* with a First Amended Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 6.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9. 2023, the assigned Magistrate Judge issued findings and recommendations recommending that the pending First Amended Petition be dismissed for lack of jurisdiction. (ECF No. 8.) Those findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen days of service. (*Id.* at 5.) On January 31, 2023, Petitioner filed objections to the findings and recommendations. (ECF No. 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Thus, having carefully reviewed the entire file, including Petitioner's

1

objections, the Court holds the findings and recommendations to be supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

In his objections, Petitioner largely argues that 8 U.S.C. § 1326, the statutory basis of his conviction for illegal reentry violation, is unconstitutional. (*See* ECF No. 9 at 2-3.) As a reminder, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Because Petitioner's § 2255 motion to vacate remains pending in his court of conviction, the Western District of Texas, the Court finds that it is futile to transfer the instant petition to that district for consideration as a § 2255 motion. Therefore, the First Amended Petition is dismissed for lack of jurisdiction.

Accordingly,

1. The findings and recommendations issued on January 9, 2023, (ECF No. 8), are adopted in full;

2. The First Amended Petition for writ of habeas corpus, (ECF No. 6), is dismissed for lack of jurisdiction; and

3. The Clerk of Court is directed to terminate any pending motions/deadlines and close the case.

IT IS SO ORDERED.

Dated:   March 14, 2023

UNITED STATES DISTRICT JUDGE